[1] Reported in 297 N.W. 743.
This case comes here on appeal by the city of Benson from a judgment adjudging that one Otto Galow and family had a legal settlement for poor purposes in the city of Benson on April 10, 1940.
From the year 1929 to March, 1934, Galow and his family, consisting of his wife and six children, lived on a farm in Edison township, Swift county. January 12, 1934, Galow made application to the Swift county relief office for aid. From March, 1934, to March, 1935, he and his family lived on a farm in Benson township, Swift county, where, between January 25 and September, 1934, Galow received direct relief from the federal government on CWA by performing services for it with his team of horses. In November, 1934, Galow had an auction. All his farm equipment was sold, the proceeds applied to debts, and a small balance remained. From March, 1935, to August 11, 1936, it is alleged that he and his family lived in the city of Benson, Swift county. From October 21, 1935, to August 29, 1936, Galow worked on WPA; during June, July, and August of 1936 he received direct relief from Swift county. From August 11, 1936, to March 26, 1938, Galow and his family lived in the village of Clontarf, Swift county, during seven months of which he received direct relief from Swift county, and he worked on WPA from August 11, 1936, to July 2, 1937, and from January 3, 1938, to March 26, 1938. Thereafter he and his family moved to Grandon, North Dakota, and lived there until June 19, 1938, when his family went to Yellow Medicine county and remained there until September 4, 1938, when they moved to Boyd, Lac qui Parle county, Minnesota, where they have resided up to the present time. Upon leaving Grandon, North Dakota, Galow went into the northern part of that state to look for work. He finally rejoined his family at Boyd October 12, 1938, and has resided there until the present time. While the Galow family was living in Yellow Medicine county they received direct relief from Swift county for four months, and while residing at *Page 269 
Boyd they received direct relief from Swift county until April, 1939, when they received relief from Lac qui Parle county.
Since 1934 Galow has received no substantial amounts of money. In June, 1935, he received $195 soldier's bonus; in the fall of 1937 he earned $80; from March 26, 1938, to June 19, 1938, he earned enough in North Dakota to support his family; and thereafter until October 12, 1938, he earned enough to support himself; while he has lived at Boyd he testified that he had not earned more than $30 and that none of his three brothers is in a position to support him and his family.
The appellant contends that Lac qui Parle county has failed to prove (1) that Galow and his family ever resided in the city of Benson and (2) that Galow is a pauper.
1. There is ample evidence to support the court's finding that the Galow family had a settlement in the city of Benson from March 1, 1935, to August 11, 1936. Ex. Sess. L. 1935, c. 68, approved, January 24, 1936, amended 1 Mason Minn. St. 1927, § 3161, as amended by L. 1933, c. 385 [3 Mason Minn. St. 1940 Supp. § 3161], and for the first time excluded from the time which might be counted for a pauper's settlement the period during which the pauper received relief from funds supplied by the state or the United States either as direct relief or work relief. Therefore the WPA relief which Galow had been receiving during the period in 1935 and the first 24 days in January, 1936, did not count against his settlement. The city of Benson was properly chargeable with his settlement for approximately ten months of the year immediately preceding January 24, 1936. An attempt was made to show that the family did not actually live in the city of Benson during this period but in what is known as the South Side Addition of that city, which is located in the township of Torning. However, there was a question of fact upon this issue which the trial court properly determined against the city of Benson.
2. The record abundantly shows that for years Galow had been unable to support his family and had been the recipient of relief *Page 270 
in one form or another since January 25, 1934, except during short periods of private employment. The finding that he is a pauper is adequately sustained.
3. The showing in the record that Galow had been the recipient of relief from Swift and Lac qui Parle counties from June, 1938, until April, 1940, was sufficient to show that his settlement for poor relief purposes was in the city of Benson in Swift county, and therefore the county of Lac qui Parle made out its case against the city.
The judgment of the trial court is affirmed.
MR. JUSTICE STONE took no part in the consideration or decision of this case.